## SHERIFF v GOLDSTEIN SONS, INC

Ohio Appeals, 9th Dist, Lorain Co

No 807.   Decided Nov 13, 1936

Stevens & Stevens, Elyria, for appellant. McKeehan, Merrick, Arter & Stewart, Cleveland, and Fauver & Fauver, Elyria, for appellee.

## OPINION

By WASHBURN, J.

Ella Sheriff, plaintiff in the Common Pleas Court and appellant in this court, sued Goldstein Sons, Inc., a corporation, appellee in this court, to recover for injuries suffered by her when she slipped and fell in the passageway from the sidewalk to the door of appellee's store, which appellant was entering as a customer of appellee.

It is not claimed that there were any defects in the floor itself, or that the floor was improperly constructed or surfaced in any manner, and there was no foreign substance on the floor except water which had been tracked or blown in from the sidewalk —the accident happening while it was raining and after it had been raining for a couple of hours; and the only claim of negligence which it was attempted to prove was that the appellee failed to maintain in said entrance way a mat or rug of some substance for the protection of its customers.

The appellant testified that she knew the passageway was wet and that there was no mat upon the floor, and that she knew it was slippery when wet, and was therefore careful in using the passageway.

The trial judge directed a verdict in favor of appellee at the close of all of the evidence, and the only errors claimed in this appeal on questions of law are that the court erred in rejecting certain proffered testimony, and in directing a verdict for appellee.

Assuming that the evidence which was rejected and about which complaint is made was admissible and was as proffered, and considering that evidence as a part of the record, we are of the opinion that, under the law as announced by the Supreme Court in S. S. Kresge Co. v Fader, 116 Oh St 718, the facts and circumstances as shown by the record in this case do not show the violation of any duty which appellee owed to appellant, and that therefore the trial court was right in directing a verdict for the appellee at the close of all of the evidence.

Judgment affirmed.

FUNK, PJ, and STEVENS, J, concur in judgment.